SUCCESSION OF JESÚS ET AL., PLAINTIFFS AND APPELLANTS, *v.* PÉREZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action of Ejectment and for Damages.

No. 2085.—Decided April 12, 1920.

EJECTMENT—HEIRS—LIQUIDATION OF ESTATE.—An heir who is the owner of an undivided interest in a real property has a right to bring an action to recover such interest and a previous liquidation of the estate is unnecessary.

ID.—PRESCRIPTION.—Although from the time of the execution of the deed of sale in favor of the possessor there may not have elapsed the time necessary for ordinary prescription, if he proves previous possession with good faith and a colorable title from a date that covers the time of prescription, this will be sufficient if the other requisites are present.

The facts are stated in the opinion.

*Messrs. E. Campillo* and *J. Martínez Dávila* for the appellants.

*Mr. Santiago B. Palmer* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainants, composing the Succession of Antonio de Jesús, filed a suit against the defendants, the first of whom, Manuel María Pérez Medina, after an alleged purchase obtained a possessory title in his own name and transferred it

to defendants Juan Muñiz Méndez and Felipe Muñiz Méndez. The suit was for nullities and revendication. The defendants denied a sufficient title in the complainants and defendants Muñiz Méndez rely on the ordinary prescription of ten years. The court rendered judgment for the defendants on both grounds.

In denying the title of the complainants the court based its decision on the fact that the property in question was conjugal and had belonged to the father and mother of the complainants and that no title could arise in the complainants until there had been a liquidation of the ganancial property and for other similar informalities. The opinion of the court below was written before we had decided the cases of *Capó* v. *Fernández,* 27 P. R. R. 656; *Aponte et al.* v. *Aponte et al.,* 27 P. R. R. 753, and *Santini et al.* v. *Díaz San Miguel et al.,* 27 P. R. R. 746, and therein it sufficiently appears that heirs, owners of unliquidated or undivided portions of real estate, have a right to bring an action of revendication to the extent of their unliquidated or undivided portions. Hence the heirs, once showing a clear title in their ancestors, would have had a right, barring prescription, to bring revendication to claim their undivided portions of the land whatever they were. We do not find the complaint deficient merely because it does not describe the steps to change an undivided interest to a more definite one. We also find that the property was sufficiently identified.

The question of prescription is very different. There was proof tending to show that Antonio de Jesús died in 1900 and that he and his wife were the owners of and in possession of the piece of land sought to be revendicated in this action. He left a widow and three legitimate children and two or three other natural children who do not appear to have been acknowledged and who appear to be older than the said legitimate children. The said legitimate children are the complainants and they were all minors at the time

of the death of their father.   After the death of Antonio de
Jesús his widow entered into the possession of the land, but
she did not claim the possession alone, as one of the said
natural children named José and called a brother by the said
legitimate children was also in possession.   There was proof
showing that the said land had been recorded in favor of
Antonio de Jesús at the time of his death.

There was also proof tending to show that José de Anto-
nio, who was one of the natural children and in charge of the
property, at the indication of his mother approached defend-
ant Manuel María Pérez Medina to see if he wanted to buy a
piece of land to satisfy a debt owing by Antonio de Jesús to
a certain Constantino Labarca who was about to file an at-
tachment against the property; that the said Pérez Medina
bought or attempted to buy the property in 1901, paying
$230 therefor; that he did not know that the property was
recorded in the name of Antonio de Jesús; that along in
1902, with changed boundaries, but not fraudulently so, he
obtained a possessory title in his favor with the consent of
José de Antonio, the natural child in charge, and his mother,
the widow of Antonio de Jesús.   This possessory title was
recorded in 1904.   The said defendant Pérez Medina made a
deed on December 17, 1906, conveying the property to defend-
ants Muñiz.   The original complaint in this case was filed
on December 4, 1916, so that from the date of the deed to
the date of the original complaint a little less than ten years
had elapsed.   On the other hand, the proof is very strong
and convincing that the property was sold to defendants Mu-
ñiz some time before the execution of the deed, or about 1902,
from which date the said defendants were continuously in pos-
session of the land and respected by the complainants who
lived near at hand.

Pérez Medina necessarily became the owner of the part
that belonged to the widow with her consent, and he evi-
dently thought he was acquiring the whole property, but his

testimony shows that he was not very expert in the matter of titles and that he trusted to others both in the preparation of the possessory title and the description of the property. He knew however, that there were minors and under all the decisions he could not acquire the property of such minors in this way; nor would ordinary prescription run in his favor.

With respect to the Muñiz brothers a different situation presents itself. The proof shows that they bought the property in 1902 and have been in possession ever since, paying the taxes and with full knowledge of the complainants who took no steps to dispute the title until this suit was filed. The appellants maintain that appellees Muñiz are bound by the deed of 1906 and cannot go beyond this written instrument. They say that *to do so* would be to change the terms of a written contract. But the question is one of fact, namely, when did appellees Muñiz acquire the property? If they had a just title in good faith when they first bought the property in 1902 they then necessarily owned it for more than ten years and the deed might properly be made later.

At the time the Muñiz brothers bought the property the record before us shows that while they knew it had been acquired by Pérez from the son and widow of Antonio de Jesús and that the widow owed some money, there is nothing to show that their actual knowledge of any defect in the title went any further. Pérez Medina possessed under a claim of ownership and hence conveyed a just title, barring a knowledge on the part of the Muñiz brothers of some infirmity in the said title. As good faith must always be presumed, to do away with the presumption the burden was on the complainants to show either a knowledge on the part of the Muñiz brothers that the property belonged to the succession of Antonio de Jesús or such a knowledge on their part that would have put an ordinarily prudent man on inquiry. We find no proof of such knowledge in the record

and inasmuch as the appellees have alleged and proved a prescriptive period of ten years with good faith and a just title, the judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.